IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK BURTON,

    Defendant.                                   Case No. 09-cr-30004-DRH

**ORDER**

**HERNDON, Chief Judge:**

        On January 5, 2010, Defendant filed a Motion for Leave to File Motion to Suppress Statements (Doc. 35), whereby this Court issued an Order (Doc. 37) directing the Government to file a response to said Motion by January 12, 2010. The Government has filed its timely Response (Doc. 38). Having reviewed the Parties' arguments, the Court will now address the merits of the relief Defendant seeks.

        The Court previously ordered that a psychological or psychiatric examination of Defendant be conducted, upon the Motion of the Defendant (Motion at Doc. 20, Order at Doc. 21; May 7 and 11, 2009, respectively). Following the filing of the initial psychiatric report on August 27, 2009, Defendant also retained a psychiatrist to conduct an independent examination of Defendant's mental facilities, which occurred on October 2, 2009. In the Motion for Leave to File, Defendant explains he only recently received the report regarding his independent examination

and that its findings differ from that of the Court-ordered examination. Based upon the new findings, Defendant seeks to file a motion to suppress statements out of time, as the deadline for filing discovery motions, such as a motion to suppress, expired on March 16, 2009 (Doc. 8).

As the Government points out in its opposing Response (Doc. 38), although Defendant's current counsel did not enter her appearance in this case until April 2, 2009, she did not ask the Court at that time for an extension of time to file pretrial motions, even though she filed for a continuance of the trial date in order to allow for "additional time to review discovery in this matter and prepare an effective and meaningful defense . . ." (Doc. 38, ¶ 5, citing Doc. 18, ¶ 1). As the Government further notes, **FEDERAL RULE OF CRIMINAL PROCEDURE 12**, which governs pleadings and pretrial motions, provides that motions to suppress evidence shall be filed before trial. **FED. R. CRIM. P. 12(b)(3)(C)**. This case is set to go to trial February 1, 2010, and **Rule 12** provides that the court may set a deadline for the parties to make pretrial motions, such as a motion to suppress. **FED. R. CRIM. P. 12(c)**. In this case, the pretrial order allowed for filing pretrial motions within twenty-one (21) days of Defendant's February 23, 2009 arraignment (Doc. 8). Thus, the March 16, 2009 deadline for filing a motion to suppress has long since passed. Accordingly, as the Government also notes in its Response, under **Rule 12**, a party waives any defense not raised by pretrial motion by the deadline set by the court or by any extension granted by the court. **FED. R. CRIM. P. 12(e)**.

Of course, as the Government also points out, **Rule 12(e)** allows for the court to grant a party relief from the waiver for good cause. Yet, the Court fails to find good cause to grant such relief. At no point in time from defense counsel's April 2009 appearance in this case until the instant motion for leave to file did she ever seek an extension of time to file pretrial motions, although she had notice that the motions deadline had passed prior to her entry of appearance. She failed to ask for an extension of time when she moved for a psychiatric examination of Defendant, although she should have anticipated that if the findings of the report questioned Defendant's mental facilities, she may have grounds to seek suppression of his statements made during a police interview. The Government also points out that defense counsel even had the videotape of Defendant's interview containing the statements which she now seeks to suppress, but again, she never filed for an extension of the pretrial motions deadline.

The far more significant time line for the Court's consideration is that which surrounds the discovery of the issues relating to the Defendant's mental issues. The record reflects not only the above events and dates but that the independent psychiatric examination (which reaches an opposite conclusion from the first examination) upon which defense counsel seeks to base her motion to suppress is dated November 24, 2009. Assuming defense counsel did not receive the psychiatric report until around the end of that month due to the Thanksgiving holiday, her request for leave to file the motion out of time still comes 36 days after she received the report. Had defense counsel moved expeditiously and filed the

motion for leave, accompanied by the motion to suppress, which was not complicated, in early December, the Court would have responded favorably as there would be no prejudice to anyone. The Court could have heard the motion and, depending the effect of the Court's ruling on the ability of the Government to proceed, the trial date could have been maintained.

As it stands with the actual date of filing , not only would the motion to suppress, if allowed, be untimely filed, but defense counsel's *request* to file the motion is also untimely. This is all compounded by the fact that trial in this matter is less than three weeks away – a trial date which has been continued four times already due to Defendant's various requests – and would be invariably delayed should the Court need to entertain a motion to suppress at this late hour. The Court must always be mindful of not only a defendant's right to a speedy trial, but also of the public's right to a speedy trial on the charges brought against a defendant. In this case, the public's right is being seriously encroached upon. For these reasons, the Court does not find good cause to grant relief from Defendant's waiver of the defense that would be raised in the motion to suppress and accordingly, Defendant's Motion for Leave to File Motion to Suppress Statements (Doc. 35) is **DENIED**. The Clerk is further ordered to **STRIKE** Doc. 36 from the record.

Lastly, because the reports of both the Court-ordered examination and Defendant's independent examination have been filed, the Court may now conduct a competency hearing, pursuant to **18 U.S.C. §§ 4241(c)** and **4247(d)** (*see* Doc. 21,

p. 3).  Accordingly, the Court hereby sets a **COMPETENCY HEARING** for defendant Patrick Burton on **Wednesday, January 20, 2010 at 9:30 a.m.**

**IT IS SO ORDERED.**

Signed this 13th day of January, 2010

/s/  David R Herndon
**Chief Judge
United States District Court**