IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

PATRICK BURTON,

    Defendant.                             Case No. 09-cr-30004-DRH

**ORDER**

**HERNDON, Chief Judge:**

      Before the Court is Defendant's Motion to Continue Competency Hearing and Trial Setting (Doc. 41). Trial is currently set for February 1, 2010. On January 13, 2010, the Court denied (Doc. 39) Defendant's Motion for Leave to File Motion to Suppress Statements and set this matter for a Competency Hearing on January 20, 2010.[1]

      It is defense counsel's stated intention to present the testimony of Defendant's expert, Dr. John Rabun, during his competency hearing. However, Dr. Rabun is unavailable to testify on the currently-scheduled date of January 20, 2010 and is further unavailable for the next thirty (30) days due to his caseload. Defendant asserts he is entitled to subpoena witnesses on his behalf pursuant to **18 U.S.C. §§ 4241(c)** and **4247(d)**. Defendant himself and the Government both agree with defense counsel that a continuance is best in light of the matter. Thus,

---

[1] On , the Court ordered that Defendant undergo a psychiatric examination with a competency hearing to follow upon completion of the examination and filing of the psychiatric report (Doc. 21).

Defendant's Motion seeks a continuance of the competency hearing for at least thirty days and the trial setting for an additional forty-five days.

Under **18 U.S.C. § 3161(h)(1)(A)**, any period of delay resulting from examinations to determine a defendant's mental competency is considered excludable time under the Speedy Trial Act.  Here, a competency hearing must be conducted pursuant to **18 U.S.C. §§ 4241(c)** and **4247(d)** in order to determine whether Defendant is actually competent to stand trial.  Because **§ 4247(d)** allows Defendant the right to present evidence on his behalf, his request to accommodate Dr. Rabun's schedule due to his caseload will be honored at this juncture.  Thus, the Court finds that under the circumstances, a continuance is necessary.  Pursuant to **18 U.S.C. § 3161(h)(7)(A)**, the Court finds that the ends of justice served by the granting of such continuance outweigh the best interests of the public and Defendant in a speedy trial.  Accordingly, the Court **GRANTS** Defendant's Motion to Continue Competency Hearing and Trial Setting (Doc. 41).  The Court hereby **CONTINUES** the **Competency Hearing** to **Friday, March 19, 2010 at 9:30 a.m.**

In light of the fact that the competency hearing has been continued, the Court's reasoning for denying Defendant's Motion for Leave to File Motion to Suppress Statements are no longer applicable (that the trial date "would be invariably delayed should the Court need to entertain a motion to suppress at this late hour") and so, it **VACATES** said Order (Doc. 39) and hereby **GRANTS** Defendant leave to re-file the Motion to Suppress Statements.  The Motion should be filed by

**Wednesday, January 27, 2010**.  The Government shall file its **Response** to the Motion to Suppress Statements by **March 1, 2010**.  The Court shall conduct a **HEARING** on Defendant's Motion to Suppress Statements on **Friday, March 19, 2010,** to be heard immediately following Defendant's Competency Hearing.

Defendant's **JURY TRIAL** scheduled for February 1, 2010, is hereby continued to **Monday, April 5, 2010 at 9:00 a.m.**   The time from the date this Motion to Continue (Doc. 41) was filed, January 14, 2010, until the date the trial is rescheduled, April 5, 2010, is excluded time for purposes of the Speedy Trial Act.  Lastly, should either party believe that a witness will be required to travel on the Justice Prisoner and Alien Transportation System (JPATS) in order to testify at the trial of this case, a writ should be requested at least two months in advance.

**IT IS SO ORDERED.**

Signed this 20th day of January, 2010.

/s/  David R. Herndon

**Chief Judge**
**United States District Court**