IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

PARTICK D. BURTON,

Defendant.                                                              No. 09-cr-30004-DRH

### MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Defendant Patrick Burton filed a *pro se* motion under 18 U.S.C. § 3582(c)(2) for a reduction of sentence based upon amendment to the crack cocaine guideline, U.S.S.G. § 2D1.1(c), enacted by the Sentencing Commission in response to the Fair Sentencing Act (FSA) of 2010, made retroactive effective November 1, 2011. *See* U.S.S.G. § 1B1.10(c) (amendment 750) (Doc. 87). The Court appointed the Federal Public Defender to represent defendant on the issue of sentencing reduction in light of the retroactive amendments (Doc. 88). The government has responded and is in agreement with the U.S. Probation Office in asserting that defendant is not eligible for a reduction (Doc. 93). Also in agreement, defendant's counsel instantly moves to withdraw on the basis that he can make no non-frivolous argument in support of a reduction pursuant to 18 U.S.C. § 3582(c) (Doc. 94). *See Anders v. California,* 386 U.S. 738, 744 (1967). Defendant has not responded to his counsel's motion to withdraw. The Court is in

agreement with the parties and accordingly dismisses defendant's motion for lack of jurisdiction.

§ 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider the reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2009), *cert. denied sub nom McKnight v. United States*, 129 S. Ct. 1924 (2009).

Defendant cannot satisfy the first criterion as he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o)." 18 U.S.C. § 3582(c)(2). On August 23, 2010, the Court sentenced defendant to 210 months on each Counts 1 and 2, to be served concurrently (Doc. 67). Amendment

750 simply does not affect defendant's custodial sentence as defendant's base offense level remains at 32. *See* U.S.S.G. § 2D1.1. While the government and the U.S. Probation Office note defendant may be eligible for a reduction in his term of supervised release, *see Dorsey v. United States,* 132 S. Ct. 2321 (2012), the Court agrees with defendant's counsel that a reduction in defendant's term of supervised release is best-addressed at a later date. Thus, for the above-stated reasons, defendant's motion is **DISMISSED** for lack of jurisdiction (Doc. 87). Thus, the Court **GRANTS** counsel's motion to withdraw (Doc. 94).

**IT IS SO ORDERED.**

Signed this 4th day of April, 2013.

Digitally signed by David R. Herndon
Date: 2013.04.04 15:07:20 -05'00'

**Chief Judge
United States District Court**